Matter of the Petition of MARGARET I. MURPHY, to Compel the Payment of the Petitioner's Claim against the Estate of DENIS M. HURLEY, Deceased.

(Surrogate's Court, Kings County, April, 1908.)

Evidence — Documentary evidence — Judgments — The entire adjudication must be accepted.

A person claiming to be a creditor of a deceased person cannot avail herself of an adjudication establishing the existence of her claim, contained in a former decree settling the account of the administratrix, without accepting the further adjudication, also contained in the decree, that the claim has been paid.

APPLICATION by an alleged creditor under section 2722 of the Code for the payment of a claim.

Surrogate's Court, Kings County, April, 1908.    [Vol. 59.

Henry Hoelljes, for petitioner.

Arthur L. Hurley (James C. Church, of counsel), for the administratrix.

KETCHAM, S.   This is an application under Code, section 2722, by an alleged creditor for payment of her claim of $500.   In 1900 the administratrix filed her account, to which was annexed a schedule declared to contain a statement of claims presented and allowed by her, with the names of the claimants and the amount of the claims, and also a statement of moneys paid by her to creditors.   In this schedule the petitioner's claim was included in the words:  " Margaret I. Murphy, milliner, $500."

The account thus asserted that Margaret I. Murphy had presented a claim, which was allowed, that its amount was $500, and that such amount had been paid.   A decree followed, adopting and stating the account as presented.   The petitioner was not brought into the proceeding in which this decree was taken.   The surrogate " must make such a decree in the premises as justice requires."

This application is not appropriate to a debt which is specifically the subject of an accounting and a disposition thereof by decree.   In such case the remedy under the decree anticipates and excludes the present proceeding.

Had the decree merely adjudged that the claim was allowed no one would think of resorting to a remedy other than its enforcement; and it is hard to see why the claimant is any the less limited to her rights under and by means of the decree when, together with the adjudication of the claim, there is a finding by the court that it has been paid.

She now relies upon the decree for proof of the validity of her claim, and must accept the qualifying adjudication as to its payment.   Justice seems to require that the petitioner be remitted to the decree in the accounting and to her motion to conform the same to the truth, if she can establish that her claim remains unpaid.

Decreed accordingly.